# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 17, 2010

Charles R. Fulbruge III
Clerk

No. 09-10280
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RYAN DENNIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-109-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ryan Dennis appeals his jury conviction and resulting 288-month prison sentence for being a felon in possession of a firearm. Dennis argues that the evidence was insufficient to sustain his conviction and also that the district court abused its discretion in overruling his evidentiary objection, pursuant to Rule 403 of the Federal Rules of Evidence, to the admission of his witness's prior inconsistent statement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Dennis contends that the evidence is not sufficient to support the jury's verdict. Although Dennis moved for a judgment of acquittal at the close of the Government's case-in-chief, he failed to renew the motion at the close of all evidence. Therefore, review is limited to whether there has been a "manifest miscarriage of justice," which occurs when the record is devoid of evidence of guilt or if the evidence on a key element of the offense is so tenuous that a conviction would shock the conscience. *See United States v. Miller*, 576 F.3d 528, 530 & n.2 (5th Cir.) (internal citations and quotation marks omitted), *cert. denied*, 130 S. Ct. 652 (2009); *United States v. Smith*, 203 F.3d 884, 887 (5th Cir. 2000) (same).

In order to return a verdict of guilty, the jury had to determine that the Government proved that Dennis was previously convicted of a felony and knowingly possessed a firearm that was in or affected interstate commerce. *See United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005); § 922(g)(1). Dennis does not dispute that he was previously convicted of a felony or that the gun traveled in interstate commerce; however, he challenges the sufficiency of the evidence to establish knowing possession. The knowledge element for possession of contraband is rarely proven by direct evidence, *see United States v. Lopez*, 74 F.3d 575, 577 (5th Cir. 1996); however, knowledge can be established by inference and circumstantial evidence. *United States v. Garcia-Flores*, 246 F.3d 451, 454 (5th Cir. 2001).

The Government presented sufficient evidence to establish that Dennis constructively possessed the weapon by having "knowledge of and access to" the weapon. *See United States v. Anderson*, 559 F.3d 348, 353 (5th Cir.) (internal citations and quotation marks omitted), *cert. denied*, 129 S. Ct. 2814 (2009). Contrary to Dennis's argument, it is immaterial that he did not live at the house where the weapon was discovered because residence is not determinative of the issue. *United States v. De Leon*, 170 F.3d 494, 497 (5th Cir. 1999). The evidence

revealed that Dennis was more than a "casual visitor" to the location and that he had the permission and authority to keep personal items in the residence. *Id.*

During a two-week surveillance period and prior to executing a search warrant on the residence, officers observed Dennis enter the house at will on multiple occasions. A neighbor, Beatries Edwards, testified that she saw Dennis at the residence almost every day and believed that he lived there based on her own observations. Dennis also received personal mail from the City of Fort Worth at the residence, and felt comfortable enough to leave a traffic citation in the bedroom, where officers discovered three weapons. Moreover, Dennis expressed knowledge of intimate details of the weapons, such as the number of bullets each weapon contained or whether or not the weapon was operable, and admitted to agents that he had previously handled the weapons.

A review of the sufficiency of the evidence does not include a review of witnesses' credibility or the weight of the evidence, as such determinations are within the jury's sole province. *United States v. Parker*, 505 F.3d 323, 331 (5th Cir. 2007); *United States v. Myers*, 104 F.3d 76, 78-79 (5th Cir. 1997). In addition, it is immaterial that Dennis did not own the gun because establishing ownership is not necessary to prove possession. *United States v. Jones*, 133 F.3d 358, 362 (5th Cir. 1998). Dennis has not shown that his conviction resulted in a "manifest miscarriage of justice," and the record is not devoid of evidence to demonstrate that Dennis knowingly possessed a firearm. *Smith*, 203 F.3d at 887.

Dennis argues that the district court abused its discretion by overruling his Rule 403 objection and allowing the Government to enter into evidence a prior statement made by Sherrian Allen, the mother of Dennis's child and the occupant of the residence where the weapons were discovered. Allen testified that Dennis did not live with her, that she owned the pistols found in the bedroom, and that Dennis had no knowledge of the weapons. The Government attempted to impeach Allen by introducing a prior inconsistent written

statement in which she told agents that Dennis had owned one of the guns for four years and that she had seen him handle another.

The standard for reviewing an alleged Rule 403 violation is "especially high" and requires a showing of a "clear abuse of discretion." *United States v. Setser*, 568 F.3d 482, 495 (5th Cir.) (*United States v. Fields*, 483 F.3d 313, 354 (5th Cir. 2007)), *cert. denied*, 130 S. Ct. 437 (2009). "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. This court has explained that "all probative evidence is by its very nature prejudicial;" therefore, district courts should exclude evidence in limited circumstances and only in such cases where the "prejudicial effect substantially outweighs the probative value." *United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999) (internal citations and quotations omitted). It is within the sound discretion of the district court to balance the probative value of evidence against its prejudicial effect. *United States v. Dula*, 989 F.2d 772, 778 (5th Cir. 1993).

Here, the admitted evidence was highly probative because the Government sought to admit Allen's prior inconsistent statement, not for the truth of the matter asserted, but, rather, to impeach her credibility. In contrast, the prejudicial effect of the admitted evidence was minimal. Because there was sufficient evidence, absent the statement, for the jury to conclude that Dennis at least constructively possessed the firearm, any error in admitting the prior statement was harmless. *United States v. Hawley*, 516 F.3d 264, 268 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 994 (2009). Moreover, the district court properly admonished the jurors that they were to consider Allen's prior inconsistent statement only in evaluating her credibility and not for the truth of the statement's contents. The jury is presumed to have followed the district court's instructions. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 762-63 (5th

4

Cir. 2008) (finding no error in admitting a prior inconsistent statement as impeachment evidence where the district court provided the proper limiting instructions to the jury).

Dennis's argument that the district court erred in not providing an on-the-record balancing of the statement's probative and prejudicial value is equally without merit. On-the-record findings are generally required only where counsel requests a recitation of the balancing and where the balancing occurs in the context of an analysis involving extrinsic evidence. *United States v. Maceo*, 947 F.2d 1191, 1199 & n.4 (5th Cir. 1991). Dennis's counsel did not request that the district court provide an on-the-record balancing, and in light of the fact that the evidence in question did not involve extrinsic acts, the district judge was not required to provide such a balancing in open court. *Id.* The district court did not abuse its discretion in admitting Allen's prior inconsistent statement because the statement's prejudicial effect did not "substantially outweigh" its probative value. *See Powers*, 168 F.3d at 749. Accordingly, the judgment is AFFIRMED.