# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20526

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

ALAN VICTOR GOMEZ GOMEZ,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before CLEMENT, HIGGINSON, and HO, Circuit Judges.[*]

JAMES C. HO, Circuit Judge:

Alan Victor Gomez Gomez pled guilty to illegally reentering the United States after deportation. The district court sentenced him under 8 U.S.C. § 1326(b)(2), based on the conclusion that his prior conviction for aggravated assault constitutes a "crime of violence" under 18 U.S.C. § 16, and thus an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). On appeal, he challenges the characterization of his prior conviction as a crime of violence. We affirm.

We recently revisited the definition of "crime of violence," in one of the most consequential en banc rulings our court has issued in recent years. *See*

---

[*] Judge Higginson concurs in the judgment only.

No. 17-20526

*United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc).  That en banc decision expressly overruled no fewer than eighteen of our prior circuit precedents.

No court approaches the act of overruling one of its prior precedents lightly—let alone eighteen of them.  But our court deemed it "necessary" to do so, in order to bring our circuit back into alignment with the statutory text as enacted by Congress and construed by the Supreme Court, not to mention numerous precedents of our sister circuits.  *Id.* at 173.  In doing so, *Reyes-Contreras* provided important clarity to the issues that originally gave birth to this appeal, as it undoubtedly will in countless other pending and future appeals in our circuit.

Congress defined "crime of violence" in 18 U.S.C. § 16(a) to include "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  Gomez Gomez argues that aggravated assault under Tex. Penal Code § 22.02(a)(1) is not a crime of violence, because the offense can be committed through indirect as well as direct uses of force.

This argument might have had some force prior to *Reyes-Contreras*, under our precedents that recognized a distinction between direct and indirect uses of force.  But we abrogated that distinction in *Reyes-Contreras*.  910 F.3d at 180–81.  We now instead recognize, consistent with the Supreme Court's decision in *United States v. Castleman*, 572 U.S. 157, 162–68 (2014), that the "use of force" under 18 U.S.C. § 16(a) incorporates the common-law definition of force—and thus includes indirect as well as direct applications of force.

Recognizing the significance of our en banc ruling in *Reyes-Contreras*, Gomez Gomez argues that it should not apply precisely because it is a change in the law.  That is, he argues that retroactively applying *Reyes-Contreras* to his sentence would violate the Ex Post Facto Clause of Article I, Section 9 of

the Constitution.  But the Ex Post Facto Clause does not apply to the judiciary.  *See*, *e.g.*, *Rogers v. Tennessee*, 532 U.S. 451, 460 (2001) ("The Ex Post Facto Clause, by its own terms, does not apply to courts.").

A retroactive application of a judicial decision can in theory violate the Due Process Clause.  For example, in *Bouie v. City of Columbia*, 378 U.S. 347 (1964), the Supreme Court held that a defendant's due process rights could be violated by a retroactive application of an unexpected and indefensible expansion of substantive criminal liability.  *Id.* at 353–54.

But *Reyes-Contreras* did not make previously innocent activities criminal.  It merely reconciled our circuit precedents with the Supreme Court's decision in *Castleman*.  As our ruling explained:  "The Fifth Circuit stands alone in restricting the reasoning of *Castleman* on direct versus indirect force to misdemeanor crimes of domestic violence."  *Reyes-Contreras*, 910 F.3d at 180.  We simply backed away from our anomalous position and aligned our circuit with the precedents of other circuits.  In short, *Reyes-Contreras* was neither unexpected nor indefensible.  *See also United States v. Martinez*, 496 F.3d 387, 390 (5th Cir. 2007) (holding that a retroactive application of a judicial decision resolving a circuit split to a defendant's sentencing was not a violation of due process under *Bouie*).

That conclusion dooms this appeal.  In *Reyes-Contreras*, we held that *Castleman* "is not limited to cases of domestic violence," and "that for purposes of identifying a conviction as a [crime of violence], there is no valid distinction between direct and indirect force."  910 F.3d at 182.  This holding forecloses Gomez Gomez's use of the distinction between direct and indirect force—a distinction he had hoped would help him establish that aggravated assault under Texas law is not a crime of violence under 18 U.S.C. § 16.  *See also United States v. Villegas-Hernandez*, 468 F.3d 874 (5th Cir. 2006) (holding that Texas simple bodily assault does not require the use of force and is therefore

not a crime of violence), *overruled by Reyes-Contreras*, 910 F.3d at 181–82 ("We therefore necessarily overrule Part I.A of *Villegas-Hernandez* . . . to the extent that *Villegas-Hernandez* concluded that indirect force does not constitute the use of physical force."). Accordingly, we affirm.