# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40149
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 10, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff – Appellee,

v.

DANIEL RIVERA-HERNANDEZ,

      Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-785-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

      This case was remanded from the Supreme Court of the United States for further consideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). We placed this case in abeyance while the decision in *United States v. Reyes-*

---

      * Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 16-40149

*Contreras*, 910 F.3d 169 (5th Cir. 2018), was pending. After *Reyes-Contreras* was issued, we requested supplemental briefs from the parties addressing the decision's impact on Rivera-Hernandez's contention that his second-degree conviction under Utah Code § 76-5-103(1)(a) (1995)—an offense requiring that a person "intentionally cause[] serious bodily injury to another" as an element—is not a "crime of violence" under 18 U.S.C. § 16(a), and, thus, not an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F).

Throughout his appeal, Rivera-Hernandez has relied on *United States v. Vargas-Duran*, 356 F.3d 598, 605 (5th Cir. 2004), *overruled by Reyes-Contreras*, 910 F.3d at 183, and maintained that causation of injury is not the same as the use of force. Rivera-Hernandez concedes that *Reyes-Contreras* precludes such an argument. *See* 910 F.3d at 183 (eliminating the distinction between causing injury and using force).

Nevertheless, Rivera-Hernandez continues to argue that the district court's judgment should be vacated because, in his view, *Reyes-Contreras* violates due process as it constitutes "an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operat[ing] precisely like an ex pose facto law." *Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964). This due process argument is foreclosed by *United States v. Gomez*, 917 F.3d 332, 334 (5th Cir. 2019), which rejected the same due process argument on the grounds that "*Reyes-Contreras* did not make previously innocent activities criminal" but "merely reconciled our circuit precedents with the Supreme Court's decision in [*United States v. Castleman*, 572 U.S. 157 (2014)]."

We AFFIRM the district court's judgment.

2