# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11402

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff – Appellee

v.

HOWARD LEON COMBS,

      Defendant – Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC 4:16-CR-54-1

Before DAVIS, HIGGINSON, and WILLETT, Circuit Judges.

PER CURIAM:*

      This appeal requires us to determine de novo whether Texas aggravated assault, TEX. PENAL CODE § 22.02(a), is a "violent felony" under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i).  Because we answer yes, we affirm.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11402

I.

Howard Combs challenges the district court's imposition of a sentencing enhancement under the ACCA. That law mandates a 15-year minimum sentence on defendants who violate the felon-in-possession statute, 18 U.S.C. § 922(g), and who have three prior convictions for "a violent felony or a serious drug offense, or both."[1]  18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B). The Supreme Court has stated that "physical force" in this provision means "*violent force—that is, force capable of causing physical pain or injury to another person.*" *Johnson v. United States*, 559 U.S. 133, 140 (2010).

A.

Combs argues that his prior Texas aggravated assault conviction is not a violent felony because (1) "bodily injury" and "serious bodily injury" can be caused using indirect methods that do not necessarily involve the use of violent physical force; (2) the commission of aggravated assault requires only a mens rea of recklessness, without the purposeful intent to use force; (3) Texas Penal Code § 22.02(a) is not a divisible statute; and (4) causing bodily injury by using or exhibiting a deadly weapon does not necessarily entail the threatened use of physical force under Texas law. Combs also challenges the constitutionality of 18 U.S.C. § 922(g)(1) under the Commerce Clause.

---

[1] It is undisputed that Combs pleaded guilty to possession of a firearm by a felon and has two prior convictions for serious drug offenses. We therefore only address whether Combs' conviction for aggravated assault, under Texas law, qualifies as a conviction for violent felony under the ACCA.

No. 16-11402

B.

We have, in prior decisions, addressed and rejected each of Combs'
arguments on appeal. Most recently, in *United States v. Albin Torres*, we
determined that the Texas assault statute is divisible—that is, each subsection
of this assault statute contains "independent groups of elements for
committing multiple crimes." No. 16-20191, --- F.3d ---, 2019 WL 1986968, at
*5 (5th Cir. May 6, 2019). We then applied the modified categorical approach
and concluded that commission of Texas aggravated assault that is premised
on Section 22.01(a)(2)—threatening another with imminent bodily injury by
using or exhibiting a deadly weapon—is a crime of violence under 18 U.S.C.
§ 16(a).[2] *Id.* at *5. *Torres* is on point and puts this appeal to rest. Here, Combs
was convicted of aggravated assault with a deadly weapon for causing bodily
injury to the victim. If *threatening* another with imminent bodily injury by
using a deadly weapon is a violent felony (*Torres*), then, under the same
aggravated assault statute, so too is *causing* such injury. Though Combs
argues that *Torres* did not involve the ACCA statute, we recognize that, in this
case, there is no material difference between the use-of-force provisions in
Section 16(a) and Section 924(e)(2)(B)(i). *See United States v. Nunez-Medrano*,
751 F. App'x 494, 500–01 (5th Cir. 2018).[3]

Furthermore, in *United States v. Gracia-Cantu*, we rejected the
defendant's arguments—using the same examples Combs now highlights on
appeal—that knowingly transmitting HIV or using convulsion-inducing strobe

---

[2] "The use of force clause in § 16(a) is almost identically worded to the use of force
provisions in the ACCA." *United States v. Ramos*, 744 F. App'x 215, 217 (5th Cir. 2018). The
definition for crime of violence in both § 16(a) and § 924(e)(2)(B)(i) includes offenses that have
"as an element the use, attempted use, or threatened use of physical force against the person
. . . of another."

[3] While our unpublished opinions are not controlling precedent, they may be
persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citation
omitted).

lights lacked the use of physical force. 920 F.3d 252, 253–54 (5th Cir. 2019) (per curiam). Both *Torres* and *Gracia-Cantu* applied our recent en banc decision in *United States v. Reyes-Contreras*, which found no valid distinction between direct and indirect force under the ACCA and recognized that the use-of-force requirement may include knowing or reckless conduct. 910 F.3d 169, 182–83 (5th Cir. 2018) (en banc). Important here, *Reyes-Contreras* also overruled several cases that Combs relies on. Though Combs contends that retroactive application of our *Reyes-Contreras* decision violates his due process rights, we have rejected this argument. *United States v. Burris*, 920 F.3d 942, 952–53 (5th Cir. 2019); *United States v. Gomez Gomez*, 917 F.3d 332, 334 (5th Cir. 2019).

Finally, regarding Combs' constitutional challenge to 18 U.S.C. § 922(g)(1) under the Commerce Clause, we have rejected that argument as well.[4] *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). Considered altogether, we hold that the issues Combs raises on appeal are all foreclosed. We therefore conclude that Texas aggravated assault is a violent felony under the ACCA.

II.

Based on the above reasons, we affirm Combs' sentence.

AFFIRMED.

---

[4] Combs concedes that this constitutionality issue is foreclosed under our precedent.