# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41722
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CASTRO-CASTRO, also known as Jorge Castro-Valdes, also known as
Jorge Castro-Valdez, also known as Juan Jose Rivera-Castro,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-661-1

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before DENNIS, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Juan Castro-Castro pleaded guilty to illegal reentry under 8 U.S.C.
§ 1326(a).  He was sentenced to prison under § 1326(b)(2) based on prior Utah
convictions for aggravated assault and aggravated sexual assault that were
found to be "aggravated felonies" because they met the definition of "crime of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-41722

violence" (COV) under 18 U.S.C. § 16.  Section 16 defines "crime of violence" as:

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 16.  Castro-Castro appealed, arguing that his Utah convictions were not COVs because they did not have force as an element under § 16(a) and because the COV definition at § 16(b) was unconstitutionally vague.

Though we initially affirmed the judgment, that decision was vacated and remanded by the Supreme Court in light of *Sessions v. Dimaya*, 138 S. Ct 1204, 1215-16 (2018), which held that § 16(b) was unconstitutionally vague. We then requested and received supplemental briefing on whether these convictions had force as an element under § 16(a) in light of *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc), in which we substantially overhauled our COV jurisprudence and overruled numerous decisions wholly or in part.  *Reyes-Contreras*, 910 F.3d 169, 182-87 & nn.26-27 (5th Cir. 2018) (en banc).

Because Castro-Castro did not argue below that his predicate offenses were not COVs, we review only for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  To prevail on plain error review, Castro must identify (1) a forfeited error (2) that is "clear or obvious, rather than subject to reasonable dispute," and (3) that affects his substantial rights.  *Id.*  If he does so, this court has the discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Id.* (internal quotation marks and citation omitted).

No. 15-41722

In assessing whether a crime has force as an element to constitute a COV under § 16(a), we use the categorical approach. *See United States v. Buck*, 847 F.3d 267, 274 (5th Cir. 2017). Under this approach, we consider the necessary elements of the predicate offense and determine whether the least culpable method of committing the offense requires the use of force. *United States v. Brewer*, 848 F.3d 711, 714 (5th Cir. 2017); *see Descamps v. United States*, 570 U.S. 254, 257 (2013).

To be convicted of aggravated assault under Utah law, Castro-Castro first had to be guilty of the underlying crime of assault under UTAH. CODE ANN. § 76-5-102. *See* UTAH. CODE ANN. § 76-5-103(1) (2001). Section 76-5-102(1) defined assault as:

> (a) An attempt, with unlawful force or violence, to do bodily injury to another;
>
> (b) A threat, accompanied by a show of immediate force or violence, to do bodily injury to another; or
>
> (c) An act, committed with unlawful force or violence, that causes bodily injury to another or creates a substantial risk of injury to another.

UTAH CODE ANN. § 76-5-102(1) (2001).

Castro-Castro relies on an unpublished decision in *United States v. Leal-Rax*, in which we held that Utah assault did not require the use of force against another because § 76-5-102(1)(c) criminalized an act that only "creates a substantial risk of injury to another." 594 F. App'x 844, 846, 850 (5th Cir. 2014). Subsequently, however, *Reyes-Contreras* abolished the distinction "between creating a risk of injury and using or attempting to use physical force." 910 F.3d at 182-84. In light of *Reyes-Contreras*, Castro-Castro fails to show any error that is "clear or obvious, rather than subject to reasonable dispute." *Puckett*, 556 U.S. at 135.

No. 15-41722

Castro-Castro argues that a retroactive application of *Reyes-Contreras* would deprive him of due process. A due process violation may arise from retroactive application of a judicial decision if the decision causes "an unexpected and indefensible expansion of substantive criminal liability." *United States v. Gomez Gomez*, 917 F.3d 332, 334 (5th Cir. 2019) (citing *Bouie v. City of Columbia*, 378 U.S. 347, 353-54 (1964)). We have already rejected similar challenges by observing that "*Reyes-Contreras* did not make previously innocent activities criminal," and "was neither unexpected nor indefensible." *Gomez Gomez*, 917 F.3d at 334; *see United States v. Gracia-Cantu*, 920 F.3d 252, 255 (5th Cir. 2019) (5th Cir. 2019).

The judgment is AFFIRMED.