# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 26, 2019

Lyle W. Cayce
Clerk

No. 16-41253
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON HERNANDEZ-RAMIREZ, also known as Ramon Hernandez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-492-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ramon Hernandez-Ramirez pleaded guilty to illegally reentering the United States after deportation. The district court sentenced him under 8 U.S.C. § 1326(b)(2) based on the conclusion that his prior Texas conviction of aggravated assault is a crime of violence under 18 U.S.C. § 16, and thus, is an aggravated felony under 8 U.S.C. § 1101(a)(43)(F).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41253

For the first time on appeal, Hernandez-Ramirez challenges the characterization of his prior conviction as a crime of violence.

We review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail on plain error review, Hernandez-Ramirez must identify (1) a forfeited error (2) that is "clear or obvious, rather than subject to reasonable dispute," and (3) that affects his substantial rights. *Puckett*, 556 U.S. at 135. If he does so, we have the discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). The law at the time of appeal governs our plain error appellate review. *See Henderson v. United States*, 568 U.S. 266, 273 (2013).

Our published opinions in *United States v. Reyes-Contreras*, 910 F.3d 169, 181-82 (5th Cir. 2018) (en banc), and *United States v. Gomez Gomez*, 917 F.3d 332, 333-34 (5th Cir. 2019), now make clear that Texas aggravated assault is a crime of violence under § 16(a), and thus, is an aggravated felony for purposes of §§ 1101(a)(43)(F) and 1326(b)(2). *See Henderson*, 568 U.S. at 273, 279; *Puckett*, 556 U.S. at 135. In *Gomez Gomez*, we also rejected the argument made by Hernandez-Ramirez that retroactively applying *Reyes-Contreras* violates due process. *See Gomez Gomez*, 917 F.3d at 334.

The judgment of the district court is AFFIRMED.

2