# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 18, 2019

Lyle W. Cayce
Clerk

No. 18-40460
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER SEGOVIA-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-895-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Javier Segovia-Lopez pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. The district court sentenced him under § 1326(b)(2) based upon the characterization of his prior Texas conviction for aggravated assault as an aggravated felony. For the first time on appeal, Segovia-Lopez challenges the characterization of his prior conviction as an aggravated felony.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40460

We review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail on plain error review, Segovia-Lopez must show (1) an error (2) that is clear or obvious and (3) that affects his substantial rights. *Id.* If he does so, we have the discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted). On plain error review, we consider whether an error is clear or obvious in light of the state of the law at the time of appeal. *See United States v. Sanchez-Arvizu*, 893 F.3d 312, 315 (5th Cir. 2018).

Segovia-Lopez fails to demonstrate that the district court erred in classifying his Texas aggravated assault conviction as a crime of violence under 18 U.S.C. § 16(a) and, therefore, an aggravated felony under 8 U.S.C. § 1101(a)(43)(F). *See United States v. Gomez Gomez*, 917 F.3d 332, 333-34 (5th Cir. 2019); *United States v. Reyes-Contreras*, 910 F.3d 169, 187 (5th Cir. 2018) (en banc). His argument that retroactively applying *Reyes-Contreras* violates due process is also unavailing. *See Gomez Gomez*, 917 F.3d at 334.

The judgment of the district court is AFFIRMED.