# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40458
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN CAMACHO-OLVERA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CR-854-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Juan Camacho-Olvera pleaded guilty to an indictment charging that he illegally reentered the United States following deportation in violation of 8 U.S.C. § 1326. On appeal, he asserts that the district court erred by characterizing the offense as a violation of § 1326(b)(2) because his prior offense of manslaughter under Texas Penal Code § 19.04 does not constitute an aggravated felony.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40458

Because Camacho-Olvera did not object on this ground in the district court, plain-error review applies. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). He must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

A person violates § 19.04 "if he recklessly causes the death of an individual." TEX. PENAL CODE § 19.04(a). The statute applies to reckless omissions, such as "failing to provide necessary food and medical care" to a child. *United States v. Dominguez-Hernandez*, 98 F. App'x 331, 334 (5th Cir. 2004) (internal quotation marks and citation omitted).

Any error by the district court in determining that manslaughter under § 19.04 is a "crime of violence" under 18 U.S.C. § 16(a)—and thus constitutes an aggravated felony for purposes of § 1326(b)(2), *see* 8 U.S.C. § 1101(a)(43)(F)—is subject to reasonable dispute. In *United States v. Reyes-Contreras*, 910 F.3d 169, 173-74, 181-84 (5th Cir. 2018) (en banc), we held that the nearly identical definition of "crime of violence" under former U.S.S.G. § 2L1.2(b)(1)(A)(ii) does not require the intentional use of force, the direct use of force, or bodily contact. We declined to reach whether an omission can qualify, *id.* at 181 n.25, and the issue remains unsettled.

Contrary to Camacho-Olvera's assertion, we are not prohibited from retroactively applying *Reyes-Contreras*'s holding that intentional conduct is not required, as that holding simply reconciled our caselaw with the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272, 2279 (2016). *See United States v. Gomez Gomez*, 917 F.3d 332, 334 (5th Cir. 2019); *Reyes-Contreras*, 910 F.3d at 183. Nor does the requirement of violent force plainly

2

No. 18-40458

preclude a determination that § 19.04 is a crime of violence. *See Johnson v. United States*, 559 U.S. 133, 140 (2010).

Because any error is subject to reasonable dispute, it is not clear or obvious, and Camacho-Olvera fails to show plain error. *See Henderson v. United States*, 568 U.S. 266, 279 (2013); *Puckett*, 556 U.S. at 135. The judgment of the district court is AFFIRMED.