# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11050
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee Cross-Appellant

v.

JEREMY GLENN POWELL,

Defendant-Appellant Cross-Appellee

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-511-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Jeremy Glenn Powell pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and was sentenced under 18 U.S.C. § 924(a)(2) to 120 months of imprisonment and three years of supervised release. On appeal, he challenges the district court's calculation of his guidelines range and its determination that his prison sentence should run consecutively to the undischarged portion of his prior federal sentence. The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11050

Government cross-appeals, arguing that the district court erred by refusing to treat Powell's prior Texas robbery convictions as violent felonies under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which carries a minimum 15-year term of imprisonment.

Although the district court declined to apply the ACCA based on our earlier decisions, we recently held that a Texas conviction for "robbery-by-injury" under Texas Penal Code § 29.02(a)(1) "categorically requires the use of physical force" and that a conviction for "robbery-by-threat" under Texas Penal Code § 29.02(a)(2) "likewise requires the attempted use, or threatened use of physical force." *United States v. Burris*, 920 F.3d 942, 948 (5th Cir. 2019) (internal quotation marks and citation omitted). Accordingly, and as conceded by Powell, Texas robbery is a violent felony under the ACCA. *Id*. at 944-45; *see* § 924(e)(2)(B)(i). In addition, *Burris* rejected Powell's arguments regarding whether the application of the recent decisions on the ACCA's force clause violates fair warning principles. *Burris*, 920 F.3d at 952-53; *see also United States v. Gomez Gomez*, 917 F.3d 332, 334 (5th Cir. 2019), *petition for cert. filed* (U.S. July 19, 2019) (No. 19-5325).

Because Powell's two robbery convictions qualify as violent felonies under the ACCA, we VACATE his sentence and REMAND the case to the district court for resentencing in light of *Burris*. That being so, we do not address Powell's arguments. *See United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005).