# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10025
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

RYAN DENNIS,

     Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-577

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

In December 2008, a jury convicted Ryan Dennis of possessing a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). Although the statutory *maximum* for such an offense is generally ten years in prison, 18 U.S.C. § 924(a)(2), because Dennis was found to have had three prior convictions for violent felonies under the Armed Career Criminal Act (ACCA),

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10025

*id.* § 924(e), he was subject to a statutory *minimum* of fifteen years. The district court sentenced Dennis under the ACCA to 288 months in prison, to be followed by a three-year supervised release term. We affirmed on direct appeal, and the Supreme Court denied certiorari. *United States v. Dennis*, 365 F. App'x 591, 592–95 (5th Cir.), *cert. denied*, 561 U.S. 1016 (2010). Dennis filed an unsuccessful § 2255 motion, and we denied a certificate of appealability (COA).

In 2016, Dennis moved for authorization to file a second or successive § 2255 motion, arguing that he was improperly sentenced under the ACCA in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). We granted authorization to file. *In re Dennis*, Case No. 16-10581 (5th Cir. Jun. 28, 2016). The district court denied relief on the merits, concluding that, even without relying on the residual clause, Dennis's criminal history met the requirements for three violent felonies under the still-valid portions of the ACCA. Dennis timely appealed.

Although the Government does not address this issue in any detail in its briefing and the district court did not address it directly, we are required to address our jurisdiction sua sponte, if necessary. *See United States v. Wiese*, 896 F.3d 720, 723 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1328 (2019); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.2 (5th Cir. 1987); *see also United States v. Ricks*, 756 F. App'x 488, 489 (5th Cir.) (addressing the jurisdictional issue for a successive § 2255 motion based on *Johnson* after granting a COA as to the district court's merits determination), *cert. denied*, 140 S. Ct. 327 (2019).

"A second or successive habeas application must meet strict procedural requirements before a district court can properly reach the merits of the application." *Wiese*, 896 F.3d at 723; *see* 28 U.S.C. §§ 2244(b), 2255(h). A prisoner pursuing a successive § 2255 motion must pass through two jurisdictional "gates" to have his motion heard on the merits. *Wiese*, 896 F.3d

2

No. 18-10025

at 723. Dennis has passed through the first gate by obtaining our authorization to file a successive motion. *See id.* While Dennis was required to make only a prima facie showing to obtain authorization for the successive motion from this court, to pass through the second gate, he "must actually prove at the district court level that the relief he seeks relies . . . on a new, retroactive rule of constitutional law." *Wiese*, 896 F.3d at 723; *see* 28 U.S.C. § 2255(h)(2).[1]

A prisoner making a *Johnson* claim must prove that "it was more likely than not that he was sentenced under the residual clause." *United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 866 (2020). If he fails to make that showing, we have jurisdiction only for the purpose of correcting the district court's error in considering the cause of action. *Wiese*, 896 F.3d at 723, 726 (noting also that in such a situation, this court would vacate the district court's judgment and dismiss the successive § 2255 motion for lack of jurisdiction).

In considering the jurisdictional question at issue here, we "must look to the law at the time of sentencing to determine whether a sentence was imposed under" the now-invalid residual clause or one of the remaining clauses. *Wiese*, 896 F.3d at 724; *see also Clay*, 921 F.3d at 556. We may also consider the sentencing record, the legal landscape at the time of sentencing, the pre-sentence report (PSR), and other relevant materials before the sentencing court. *Wiese*, 896 F.3d at 725. Changes to the law that occurred after sentencing should not be considered, unless the change is a new rule of

---

[1] Dennis maintains that despite the language in *Wiese*, the second gateway is not in fact "jurisdictional" and that the Government has waived or forfeited the issue by not raising it before the district court. We are bound by our precedent, not the position of the U.S. Department of Justice cited by Dennis.

No. 18-10025

constitutional law announced by the Supreme Court and made retroactive to cases on collateral review. *Id.* at 725–26.

According to the charging instruments, in February 1996 Dennis caused bodily injury to a victim by striking him with a firearm and used or exhibited a deadly weapon while committing the assault. On July 20, 2004, Dennis intentionally or knowingly threatened bodily injury to two separate victims and used or exhibited a deadly weapon during the assaults. In a separate event on July 23, 2004, Dennis threatened imminent bodily injury to a victim and used a deadly weapon during the assault. Dennis argues that his prior Texas aggravated assault convictions are not violent felonies because assault under Texas Penal Code § 22.01 can be committed in ways that do not necessarily involve the use of physical force and can be committed with recklessness as opposed to specific intent to use force. He thus contends that, at the time of his sentencing, the law would have established that assault did not include as an element the requisite use of force.

We conclude that Dennis has failed to show that it is "more likely than not" that the sentencing court relied upon the residual clause. The record does not reflect that the sentencing court considered the residual clause. While we have held that the district court is not permitted to rely solely on the PSR's characterization of a prior conviction for sentence-enhancement purposes, *see United States v. Garza-Lopez*, 410 F.3d 268, 273–75 (5th Cir. 2005), in *Wiese* we noted that this court may look to the PSR in determining whether the sentencing court relied on the residual clause. 896 F.3d at 725. The PSR reflects that Dennis was convicted of aggravated assault with a deadly weapon, which is codified at § 22.02(a)(2) of the Texas Penal Code.[2] Looking at "the

---

[2] Dennis contends that the district court was not permitted to rely upon the PSR, but the issue here is whether Dennis has shown that the district court relied upon the residual clause. The PSR supports that the district court did not.

landscape," it is true that at the time of Dennis's sentencing in 2009, we had held that a violation of § 22.01, standing alone, did not fall under the elements clause in U.S.S.G. § 2L1.2 because it may be committed by acts that do not involve violence or a direct use of force. *See United States v. Villegas-Hernandez*, 468 F.3d 874, 878–85 (5th Cir. 2006).[3] But we had reached a different conclusion (albeit addressing an enumerated-offense issue) where the aggravating factor was a deadly weapon. *See United States v. Guillen-Alvarez*, 489 F.3d 197, 199–201 (5th Cir. 2007) (holding that aggravated assault with a deadly weapon (a knife) is categorically a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii)). Opinions issued after Dennis's sentencing also suggest that "the landscape" was not reliant on the residual clause. *See, e.g.*, *United States v. Guzman*, 797 F.3d 346, 347–48 (5th Cir. 2015) (per curiam).

As we held in *Clay*, "if 'it is unclear from the record whether the sentencing court had relied on the residual clause,' the prisoner—who bears the burden of proof—'loses.'" 921 F.3d at 558 (quoting *Beeman v. United States*, 871 F.3d 1215, 1224–25 (11th Cir. 2017)); *see also United States v. Medina*, No. 17-11176, 2020 WL 414815, at *3 (5th Cir. Jan. 24, 2020) (per curiam). We conclude that Dennis failed to meet his burden. Therefore, we conclude that the district court lacked jurisdiction to address the merits of Dennis's claims.[4] We thus MODIFY the district court's determination not to grant relief to

---

[3] The relevant holding was overruled in part in *United States v. Reyes-Contreras*, 910 F.3d 169, 181–82 (5th Cir. 2018) (en banc), but, of course, we recognize that the analysis in the current case focuses on the sentencing hearing which predated *Reyes-Contreras*, such that *Villegas-Hernandez* was good law at the time.

[4] If we did have jurisdiction, we would affirm the district court on the merits. *See United States v. Combs*, 772 F. App'x 108, 109–10 (5th Cir. 2019) (citing *United States v. Albin Torres*, 923 F.3d 420, 423–25 (5th Cir. 2019)), *petition for cert. filed* (U.S. Sept. 9, 2019) (No. 19-5908); *see also United States v. Gomez Gomez*, 917 F.3d 332, 333–34 (5th Cir. 2019) (holding that Texas aggravated assault qualifies as a crime of violence under 18 U.S.C. § 16(a) because it includes as an element the use of force), *petition for cert. filed* (U.S. July 19, 2019) (No. 19-5325).

change it from a denial of Dennis's successive § 2255 to a dismissal on the ground that it lacked jurisdiction and, as modified, AFFIRM.