# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-11068
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 23, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN WALLACE GOMEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-16-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Jonathan Wallace Gomez appeals the 264-month sentence imposed following his convictions for carjacking and possession of a firearm in furtherance of a crime of violence. Gomez argues that the district court reversibly erred in applying the career offender enhancement, pursuant to U.S.S.G. §§ 4B1.1 and 4B1.2, to his sentence based on his Texas conviction for aggravated assault causing serious bodily injury. Gomez urges that the Texas

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-11068

aggravated assault statute is broader than generic aggravated assault and lacks force as an element.

The Government has filed an unopposed motion for summary affirmance, correctly asserting that the issue raised on appeal is foreclosed. *See United States v. Guillen-Alvarez*, 489 F.3d 197, 200–01 (5th Cir. 2007) (holding that a Texas aggravated assault conviction under TEXAS PENAL CODE § 22.02 is a crime of violence under the former U.S.S.G. § 2L1.2); *see also United States v. Shepherd*, 848 F.3d 425, 427–28 (5th Cir. 2017) (reaffirming the continued validity of *Guillen-Alvarez* after *Mathis v. United States*, 136 S. Ct. 2243 (2016), and specifically holding that a Texas aggravated assault conviction is a crime of violence under U.S.S.G. §§ 2K2.1 and 4B1.2); *United States v. Gomez Gomez*, 917 F.3d 332, 333–34 (5th Cir.), *petition for cert. filed* (U.S. July 19, 2019) (No. 19-5325) (holding Texas aggravated assault qualifies as a crime of violence under 18 U.S.C. § 16(a) because it includes as an element the use of force).

Gomez concedes that the sole issue raised on appeal is foreclosed by our precedent, but he seeks to preserve it for further review. Accordingly, summary affirmance is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The Government's motion for summary affirmance is therefore GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.