# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2020

Lyle W. Cayce
Clerk

No. 20-40068
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

IGNACIO ARREOLA-MENDOZA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1751-1

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Ignacio Arreola-Mendoza appeals his 37-month, within-guidelines sentence for illegal reentry following removal. Arreola-Mendoza contends that the district court plainly erred by characterizing his prior Texas conviction for aggravated assault under TEX. PENAL CODE § 22.02(a)(1)

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40068

as a crime of violence under 18 U.S.C. § 16 and, thus, as an aggravated felony under 8 U.S.C. §§ 1101(a)(43)(F) and 1326(b)(2). He asserts that Texas aggravated assault does not qualify as an aggravated felony because it can be committed recklessly. The Government moves for summary affirmance, contending that Arreola-Mendoza's argument is foreclosed by *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc), and *United States v. Gracia-Cantu*, 920 F.3d 252 (5th Cir.), *cert. denied*, 140 S. Ct. 157 (2019).

Arreola-Mendoza correctly concedes that his argument is foreclosed, and he raises it only to preserve the issue for future review. *See Gracia-Cantu*, 920 F.3d at 253–55 (holding that assault causing bodily injury under Tex. Penal Code § 22.01(a)(1) is a crime of violence under § 16(a)); *Reyes-Contreras*, 910 F.3d at 180–85 (holding that an offense is a crime of violence under § 16(a) if, among other things, it is committed recklessly); *see also United States v. Gomez Gomez*, 917 F.3d 332, 333–34 (5th Cir. 2019) (holding that aggravated assault under Tex. Penal Code § 22.02(a)(1) is a crime of violence under § 16(a) and thus qualifies as an aggravated felony for purposes of § 1326(b)(2)), *petition for cert. filed* (U.S. July 19, 2019) (No. 19-5325). Consequently, the Government is "clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternative motion to extend the time to file its brief is DENIED AS MOOT.