# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2021

Lyle W. Cayce
Clerk

No. 21-10082
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Samuel Rodriguez-Huitron,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CR-41-1

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Juan Samuel Rodriguez-Huitron appeals his guilty plea conviction and 57-month prison sentence for illegal reentry after removal in violation of 8 U.S.C. § 1326(a). He asserts that the district court plainly erred in classifying his pre-removal Texas conviction for aggravated assault as an aggravated

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10082

felony conviction. *See* § 1326(b)(1)-(2). Specifically, Rodriguez-Huitron challenges the district court's determination that the offense of aggravated assault under TEX. PENAL CODE ANN. § 22.02, which includes reckless conduct, constitutes a crime of violence under 18 U.S.C. § 16(a) and thus an aggravated felony under 8 U.S.C. § 1101(a)(43)(F).

Significantly, both the Government and Rodriguez-Huitron have conceded that his appellate argument is foreclosed by *United States v. Reyes-Contreras*, 910 F.3d 169, 173-74, 183 (5th Cir. 2018) (en banc), which held that the nearly identical elements clause of the "crime of violence" definition found in the commentary to former U.S.S.G. § 2L1.2(b)(1) applies to knowing or reckless conduct. *See also United States v. Gomez Gomez*, 917 F.3d 332, 333-34 (5th Cir. 2019) (applying *Reyes-Contreras* in determining that a Texas aggravated assault offense was a crime of violence under § 16(a)), *vacated*, No. 19-5325, 2021 WL 2519037 (U.S. June 21, 2021). However, the Supreme Court recently decided *Borden v. United States*, No. 19-5410, 2021 WL 2367312, at *12 (U.S. June 10, 2021), which concluded that offenses with a mens rea of recklessness are not encompassed by the elements clause of the "violent felony" definition in the Armed Career Criminal Act (ACCA). *See* 18 U.S.C. § 924(e)(2)(B)(i). Subsequently, the Supreme Court vacated this court's ruling in *Gomez Gomez* and remanded for reconsideration in light of *Borden*. *Gomez Gomez v. United States*, No. 19-5325, 2021 WL 2519037, at *1 (U.S. June 21, 2021).

In light of the foregoing, summary affirmance is not appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is DENIED, and its alternative motion for an extension of time is GRANTED. The Government is ORDERED to file its brief within 30 days after the issuance of the mandate in *Borden v. United States*.