# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 14, 2010

Lyle W. Cayce
Clerk

No. 10-40100
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ADAN ADALBERTO GARCIA-CAVAZOS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:09-CR-64-1

Before KING, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Adan Adalberto Garcia-Cavazos (Garcia) appeals from his conviction of illegal reentry after having been deported. He contends that his Texas conviction for delivery of cocaine and his second Texas conviction for simple possession were not aggravated felonies. Therefore, he argues, he was incorrectly sentenced pursuant to 8 U.S.C. § 1326(b)(2), which carries a 20-year maximum sentence of imprisonment, instead of under § 1326(b)(1), which carries a 10-year maximum sentence. He argues that his case should be remanded for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resentencing because the 20-year maximum may have influenced the district court's choice of his 37-month sentence.

Garcia did not raise this argument in the district court and our review is for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir.), *cert. denied,* 130 S. Ct. 192 (2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal marks and citation omitted).

The Government concedes that it did not establish that Garcia's conviction for delivery of cocaine was an aggravated felony under 8 U.S.C. § 1101(a)(43) and that under the Supreme Court's recent decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2580 (2010), his second conviction for simple possession was likewise not an aggravated felony under § 1101(a)(43). Therefore, it was error to sentence Garcia pursuant to § 1326(b)(2).

The record does not indicate that the district court's error affected Garcia's substantial rights. He has failed to demonstrate reversible plain error. *See Mondragon-Santiago,* 564 F.3d at 369. However, we modify the judgment to reflect a conviction under § 1326(b)(1) instead of § 1326(b)(2), and we remand to the district court for the limited purpose of correcting the written judgment to reflect this modification.

AFFIRMED AS MODIFIED; LIMITED REMAND FOR CORRECTION OF JUDGMENT.