**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 13-40052

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE EFRAIN RAMOS-BONILLA, also known as Ifrain Ramos,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-645-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:*

Jose Efrain Ramos-Bonilla, a native and citizen of El Salvador, pleaded guilty to illegal reentry following deportation, in violation of 8 U.S.C. § 1326(a) and (b). He challenges his 24-month, below-Guidelines-sentencing-range sentence on two grounds. First, he contends the district court committed reversible error when it applied a 16-level, crime-of-violence enhancement under advisory Sentencing Guideline § 2L1.2(b)(1)(A)(ii) (unlawfully entering

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-40052

or remaining in the United States), for Ramos' 2011 felony conviction for resisting an officer with violence, under Florida Statutes § 843.01.  Second, he contends the court incorrectly convicted, sentenced, and entered judgment against him under 8 U.S.C. § 1326(b)(2) (aggravated felony; 20-year statutory maximum), instead of 8 U.S.C. § 1326(b)(1) (ten-year statutory maximum).

At sentencing, Ramos objected to his prior conviction's being classified as a "crime of violence", claiming  the offense did not require the use of physical force, as required by Guideline § 2L1.2 cmt. (1)(B)(iii) (defining "crime of violence" as, *inter alia*, an offense "that has as an element the use, attempted use, or threatened use of physical force against the person of another").  As part of his theory, Ramos asserted that, if his conviction was not a crime of violence, it could not be an aggravated felony under 8 U.S.C. § 1101(a)(43) (defining "aggravated felony").

The district court overruled Ramos' objection to the 16-level enhancement, granted his request for a downward departure on the ground that the offense level overstated the seriousness of his prior conviction, and imposed a below-Guidelines-sentencing-range, 24-month sentence.  Ramos again objected to the 16-level enhancement.

"We review *de novo* whether a prior conviction qualifies as a crime of violence within the meaning of the Guidelines." *United States v. Rodriguez*, 711 F.3d 541, 548 (5th Cir.), *cert. denied*, 134 S. Ct. 512 (2013).  But, for unpreserved error, our court reviews only for plain error.  Under that standard, defendant must show a plain (clear or obvious) forfeited error that affected his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he shows such reversible plain error, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *See id.*

2

No. 13-40052

Though not binding precedent, a recent, unpublished opinion by our court, *United States v. Alonzo-Garcia*, is both instructive and persuasive. 542 F. App'x 412 (5th Cir. 2013). In *Alonzo-Garcia*, defendant maintained his prior Florida conviction for aggravated assault did not qualify as a crime of violence. *Id.* at 413. Our court held the phrase "a threat 'to do violence'", as used in Florida's statutory definition of assault, meant "a threat to use physical force" and therefore qualified as a crime of violence. *Id.* at 416–17.

Defendant in *Alonzo-Garcia* also contended the district court used an incorrect statutory maximum (20 years under § 1326(b)(2)) in computing his sentence. *Id.* at 413. Although that defendant objected at sentencing that his conviction did not qualify as an aggravated felony (which would fall under § 1326(b)(2) (20-year maximum sentence)), he did so only in the context of the 16-level enhancement. *Id.* at 417–18. Our court, therefore, reviewed only for plain error. *Id.* at 418. Assuming *arguendo* the error was plain and affected defendant's substantial rights, our court declined to exercise its discretion to correct the assumed error because it did not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings". *Id.* at 418–19. Instead, our court remanded for reformation of the judgment. *Id.* at 419.

As noted, *Alonzo-Garcia* is persuasive for both issues in this appeal. For the first, as had been done in *Alonzo-Garcia*, Ramos contended a Florida statute requiring "violence" did not have "as an element the use, attempted use, or threatened use of physical force against the person of another". U.S.S.G. § 2L1.2 cmt. (1)(B)(iii).

We adopt the reasoning of *Alonzo-Garcia*. Analyzing the plain meaning of the term "violence" as used in Florida Statutes § 843.01, the crime of resisting a police officer with violence requires the use, attempted use, or threatened use of physical force against that officer.

3

No. 13-40052

For the second issue, as had been done in *Alonzo-Garcia*, Ramos contends his sentence should be vacated because he was sentenced under the incorrect statutory maximum. Along that line, the Government concedes the district court incorrectly sentenced Ramos under § 1326(b)(2), rather than § 1326(b)(1), but requests the court only reform the sentence, rather than vacate it.

As had been done in *Alonzo-Garcia*, Ramos objected to the classification of his prior felony as an aggravated felony only in the context of the offense-level enhancement for a crime of violence. Therefore, this second issue is reviewed only for plain error. Under plain-error review, and as done in *Alonzo-Garcia*, even assuming *arguendo* the error affects Ramos' substantial rights, he cannot show it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Accordingly, we decline to exercise our discretion to correct the error, except to have the judgment reformed on remand.

AFFIRMED in part, and REMANDED in part for the district court to reform the judgment to reflect conviction and sentencing under 8 U.S.C. § 1326(b)(1).