# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50121
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDIL LEONEL AVILA-CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-531-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Edil Leonel Avila-Cruz (Avila) appeals his conviction and sentence for being unlawfully present in the United States following removal. He contends that the district court plainly erred by entering judgment against him under 8 U.S.C. § 1326(b)(2), because he was not removed from the United States following a conviction for an aggravated felony. Avila's previous conviction was based on an indictment for delivery of a controlled substance. The indictment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indicated that Avila had actually transferred, constructively transferred, and offered to sell a controlled substance, each of which would have been sufficient on its own for a conviction.  Because Avila's prior conviction could have been obtained under an offering-to-sell theory, which is not a felony punishable under the Controlled Substances Act, it was not an aggravated felony.  *See United States v. Ibarra-Luna*, 628 F.3d 712, 714-16 & n.19 (5th Cir. 2010).

Avila did not raise this argument in the district court, so we review for plain error only.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  To establish plain error, Avila must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but should do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

The parties agree on the appropriate resolution of this issue, and they are correct.  Avila's conviction should have been entered under § 1326(b)(1) for being unlawfully present in the United States following removal subsequent to a felony conviction, which allows a maximum of a 10-year sentence of imprisonment, not under § 1326(b)(2) for being unlawfully present in the United States following removal subsequent to a conviction for an aggravated felony, which allows a maximum sentence of 20 years of imprisonment.  Since the district court sentenced Avila to 36 months of imprisonment, which is well within the correct statutory maximum of 10 years of imprisonment, and since nothing in the record indicates that the district court's possibly-erroneous belief that the statutory maximum was 20 years of imprisonment affected its sentencing decision, Avila cannot show that the error affected his substantial rights and therefore cannot show plain error.  *See Mondragon-Santiago*, 564 F.3d at 369.  Nevertheless, due to possible immigration consequences, remand

No. 14-50121

is necessary for the entry of a corrected written judgment reflecting a conviction under § 1326(b)(1) instead of § 1326(b)(2). *See United States v. Mendoza-Perez*, 496 F. App'x 431, 438-39 & n.26 (5th Cir. 2012).

Avila also contends that the district court erred by applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i), which authorizes an enhancement if the defendant was previously deported following a conviction for a drug trafficking offense for which the sentence imposed was greater than 13 months. Avila argues that his prior conviction for delivery of a controlled substance under TEX. HEALTH & SAFETY CODE § 481.112 was not a drug trafficking offense, because the Texas statute could be violated by *administering* a controlled substance, an act that is outside the definition of a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A)(i) and the definition of an aggravated felony under § 1101(a)(43) and § 1326(b)(2). After Avila filed his appeal, this court rejected this argument. *See United States v. Teran-Salas*, 767 F.3d 453, 457-62 (5th Circuit 2014). In *Teran-Salas*, this court held that while there was a theoretical possibility that the defendant could be convicted under TEX. HEALTH & SAFETY CODE § 481.112 under an administering theory, there was not a realistic possibility that the defendant was convicted under such a theory, making a conviction under TEX. HEALTH & SAFETY CODE § 481.112 a drug trafficking offense under § 2L1.2(b)(1)(A)(i). Avila now acknowledges that the decision in *Terans-Salas* forecloses his argument as to administering (though not as to offering to sell); however, he maintains this argument for purposes of further review.

AFFIRMED; REMANDED FOR CORRECTION OF JUDGMENT.

3