# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 30, 2016

Lyle W. Cayce
Clerk

No. 15-10815
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

JOSE IGNACIO HERNANDEZ-AYALA,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-74-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Ignacio Hernandez-Ayala (Hernandez) appeals his sentence following his conviction for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced Hernandez, above his advisory guidelines range, to 30 months of imprisonment and three years of supervised release.

Hernandez first challenges the sentence as substantively unreasonable. Our review is for an abuse of discretion. *See Gall v. United States*, 552 U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

38, 51 (2007).  A sentence is not substantively unreasonable because certain predicate criminal convictions are double counted in the computation of a defendant's guidelines range.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).  A "defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline[s] sentence." *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006).  Hernandez also has not shown an abuse of discretion in the district court's determination that his prior offenses were serious enough to warrant an upward departure under U.S.S.G. § 4A1.3. *See Gall*, 552 U.S. at 51.  Thus, whether characterized as an upward departure under the Sentencing Guidelines, or a variance, the sentence was not substantively unreasonable.

Hernandez also argues that his sentence exceeds the statutory maximum under § 1326(a), and that the district court was not authorized to sentence him under § 1326(b).  He acknowledges that because he failed to raise this argument in the district court, it is reviewed for plain error.  He also acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), which held that a prior conviction under § 1326(b) is not an element of the offense.  The decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), did not disturb the holding in *Almendarez-Torres*. *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014).  Accordingly, Hernandez has not shown error, plain or otherwise, relating to the imposition of the 30-month sentence under § 1326(b).

Finally, Hernandez argues that the district court plainly erred in sentencing him under § 1326(b)(2)'s 20-year statutory maximum, rather than § 1326(b)(1)'s 10-year statutory maximum, because he was not deported after a prior conviction for an aggravated felony.  Because Hernandez failed to raise this argument in the district court, our review is for plain error. *See United*

No. 15-10815

*States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir. 2009). The Government concedes that Hernandez's prior conviction was not an aggravated felony and that Hernandez was improperly sentenced under § 1326(b)(2).

The record is devoid of evidence that the district court's sentence was influenced by the incorrect statutory maximum. Accordingly, Hernandez has not shown a plain error requiring resentencing. *See Mondragon-Santiago*, 564 F.3d at 368-69. Nevertheless, because the judgment is ambiguous in that it reflects a conviction under both § 1326 (b)(1)/(2), it must be modified to reflect a sentence under § 1326(b)(1) only. We therefore remand this case to the district court for the limited purpose of revising the written judgment to reflect this modification.

AFFIRMED; REMANDED FOR CORRECTION OF JUDGMENT.