PER CURIAM: *
This Defendant appeals from a judgment adjudicating him guilty of 8 U.S.C. §§ 1326(a) and 1326(b)(2). His claim is that he was convicted under § 1326(b)(1) and not § 1326(b)(2), and he argues that his prior conviction was not for an aggravated felony.
Only in this appeal has this question been raised. The presentence report stated that Defendant was subject to the 20-year term of imprisonment pursuant to § 1326(b)(2) because he had been convicted of attempted sexual abuse in the first degree and of attempted delivery of a con *280 trolled substance to a minor. The Defendant pleaded guilty without any objection to this PSR, The Government says Defendant pleaded guilty to attempted delivery of a controlled substance to a minor, an aggravated felony.
The- Defendant does not seek to be resentenced, only a change of the offense as decided in .the district court. This court has no cause to change the crime because Defendant now says it is not correct.[1]
AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4,

. Relying on the principle that a judgment may be affirmed for any reason supported by the record, we have in similar circumstances affirmed sentencing under § 1326(b)(2) where the defendant has a qualifying conviction other than that identified at sentencing. United States v. Garcia-Hernandez, 613 Fed.Appx. 437, 438 (5th Cir. 2015) (per curiam). Here, while the Government concedes that the conviction for attempted sexual abuse does not qualify as an aggravated felony, the parties hotly contest whether the drug offense does qualify. Nunez's arguments run headlong into the plain error standard of review. There is no authority supporting the proposition that Nunez has lucked into a more forgiving standard of review through inaction, and no authority for the proposition that affirming the judgment on an alternative basis deprives the defendant of his right to be present at sentencing,