# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 18, 2022

Lyle W. Cayce
Clerk

No. 17-20526

United States of America,

*Plaintiff—Appellee*,

*versus*

Alan Victor Gomez Gomez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-148-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before Smith, Elrod, and Oldham, *Circuit Judges*.

Per Curiam:

On remand from the Supreme Court, this case asks us to reconsider whether Gomez Gomez's conviction for aggravated assault in Texas qualifies as an "aggravated felony" under 8 U.S.C. § 1326(b)(2). We agree with the parties that, in light of *Borden v. United States*, 141 S. Ct. 1817 (2021), it does not. Accordingly, we REMAND to the district court to REFORM the judgment.

No. 17-20526

Gomez Gomez drunkenly bludgeoned two people with a 2x4. He was charged with aggravated assault, which, under Texas law, required either an intentional, knowing, or reckless *mens rea*. Tex. Penal Code § 22.01(a)(1). He pleaded guilty, served time, and was deported to Mexico. Gomez Gomez later returned to the United States illegally. He was charged with and pleaded guilty to one count of illegal reentry "subsequent to a conviction for commission of an aggravated felony," in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to nineteen months, a prison term well below the twenty-year statutory maximum under § 1326(b)(2) and also well below the ten-year statutory maximum under § 1326(b)(1). Having preserved the issue of his conviction's classification under subsection (b)(2) (reentry with a prior "aggravated felony" conviction) rather than (b)(1) (reentry with a conviction "other than [for] an aggravated felony"), Gomez Gomez appealed.

In this case's first iteration before this court, we affirmed, holding that Gomez Gomez's prior conviction qualified as an "aggravated felony" under § 1326(b)(2). *United States v. Gomez Gomez*, 917 F.3d 332, 333 (5th Cir. 2019), *judgment vacated sub nom. Gomez v. United States*, 141 S. Ct. 2779 (2021). Gomez Gomez petitioned the Supreme Court for a writ of certiorari. The Court granted certiorari, vacated our prior judgment, and remanded for further consideration in light of *Borden v. United States*, 141 S. Ct. 1817 (2021). *Gomez*, 141 S. Ct. at 2779–80.

On remand, the parties now agree that Gomez Gomez's prior aggravated assault offense under Texas Penal Code §§ 22.01(a)(1), 22.02(a)(2) is *not* an "aggravated felony" under 8 U.S.C. § 1326(b)(2) because, in light of *Borden*, it is not a "crime of violence" as defined by 18 U.S.C. § 16(a). Because they agree, the parties have not briefed this issue adversely. Although they agree, we do not defer to the parties on this issue of law; rather, we assess the question independently—as indeed we must in reviewing *de novo* "the district court's characterization of a prior offense as

No. 17-20526

an aggravated felony or as a crime of violence." *See United States v. Narez-Garcia*, 819 F.3d 146, 149 (5th Cir. 2016).

Nevertheless, we conclude that the parties are correct: Conviction under 8 U.S.C. § 1326(b)(2) requires a prior "aggravated felony" conviction. The term "aggravated felony" is defined to include "crime[s] of violence," which are defined by reference to 18 U.S.C. § 16. *See* 8 U.S.C. § 1101(a)(43)(F). That provision in turn defines a "crime of violence" as "an offense that has as an element the use . . . of physical force against the person . . . of another." 18 U.S.C. § 16(a). The Supreme Court held in *Borden* that an offense requiring the "use of physical force against the person of another" does not include offenses with a *mens rea* of recklessness. 141 S. Ct. at 1821–22, 1825 (Kagan, J., writing for four justices); *id.* at 1835 (Thomas, J., concurring only in the judgment).[1]

The prior Texas offense to which Gomez Gomez pleaded guilty includes three indivisible mental states, one of which is recklessness. *See* Tex. Penal Code § 22.01(a)(1) (defining "[a]ssault" as "intentionally, knowingly, or recklessly caus[ing] bodily injury to another"); *Gomez-Perez v.*

---

[1] Because the *Borden* Court split 4-1-4, the *Marks* rule would ordinarily apply to determine the case's precedential holding. *See Marks v. United States*, 430 U.S. 188, 193 (1977) (precedential holding of fractured Court determined by reference to the "position taken by those Members who concurred in the judgments on the narrowest grounds"). However, Justice Thomas and Justice Kagan (writing for herself and three fellow justices) both conclude that an offense requiring the "use of physical force against the person of another" entails a mental state beyond mere recklessness. *Borden*, 141 S. Ct. at 1821–22, 1825 (opinion of Kagan, J.); *id.* at 1835 (Thomas, J., concurring only in the judgment). Their opinions differ only as to the operative statutory language that they respectively believe gives rise to that conclusion. *Compare id.* at 1826–28 (opinion of Kagan, J.) (focusing on the statutory phrase "against the person of another"), *with id.* at 1835 (Thomas, J., concurring only in the judgment) (focusing on the statutory phrase "use of physical force"). For the purpose of discerning the Court's holding as relevant here, that distinction is immaterial.

*Lynch*, 829 F.3d 323, 326–28 (5th Cir. 2016) (holding that these three alternative mental states in § 22.01(a)(2) are indivisible). For this reason, Gomez Gomez's predicate conviction does not qualify as a "crime of violence" in light of *Borden*, and accordingly, it does not fit the definition of "aggravated felony" for the purpose of 8 U.S.C. § 1326(b)(2). *See* 8 U.S.C. § 1101(a)(43)(F); *see also United States v. Lara-Garcia*, No. 15-40108, 2021 WL 5272211, at *1 (5th Cir. Nov. 11, 2021) (unpublished) (reaching the same conclusion).[2]

Thus, as the parties agree, Gomez Gomez's conviction should have been entered under § 1326(b)(1) (prior non-aggravated felony conviction) rather than § 1326(b)(2). It is within our discretion either to reform the judgment on appeal or remand this case to the district court to do so. *See* 28 U.S.C. § 2106; *United States v. Hermoso*, 484 F. App'x 970, 972–73 (5th Cir. 2012). In keeping with our court's common practice,[3] we remand to the

---

[2] *Cf. United States v. Hoxworth*, 11 F.4th 693, 695–96 (8th Cir. 2021) (similarly holding that "there is no question" after *Borden* that a conviction under the same Texas aggravated assault provisions is not a "violent felony" under the Armed Career Criminal Act "[g]iven that Texas's version of aggravated assault criminalizes 'recklessly caus[ing] bodily injury'").

[3] *See, e.g.*, *United States v. Zapata-Camacho*, 808 F. App'x 272, 273–74 (5th Cir. 2020); *United States v. Vega-Rivas*, 774 F. App'x 899, 900 (5th Cir. 2019); *United States v. Gomez*, 770 F. App'x 194, 194 (5th Cir. 2019); *United States v. Sanabia-Sanchez*, 746 F. App'x 425, 426 (5th Cir. 2019); *United States v. Gonzalez-Longoria*, 894 F.3d 1274, 1274 (5th Cir. 2018) (*en banc*); *United States v. Nunez-Medrano*, 751 F. App'x 494, 501 (5th Cir. 2018); *United States v. Olivarez*, 749 F. App'x 277, 278 (5th Cir. 2018); *United States v. Aspirlla*, 738 F. App'x 302, 303 (5th Cir. 2018); *United States v. Rodriguez-Garcia*, 748 F. App'x 597, 598 (5th Cir. 2018); *United States v. Carrillo-Hernandez*, 749 F. App'x 246, 247 (5th Cir. 2018); *United States v. Canales-Bonilla*, 735 F. App'x 154, 155–56 (5th Cir. 2018); *United States v. Valdez*, 734 F. App'x 291, 291–92 (5th Cir. 2018); *United States v. Flores*, 734 F. App'x 277, 278 (5th Cir. 2018); *United States v. Santos-Gabino*, 732 F. App'x 320, 321 (5th Cir. 2018); *United States v. Bello*, 731 F. App'x 340, 340–41 (5th Cir. 2018); *United States v. Montanez-Trejo*, 708 F. App'x 161, 168 (5th Cir. 2017); *United States v. Nunez*, 680 F. App'x 278, 282 (5th Cir. 2017) (Graves, J., dissenting); *United States v. Ulloa*, 668 F.

district court to reform the judgment.[4] As we very recently explained, "[t]he cost to judicial economy for the district court to reform the judgment, rather than reforming it ourselves, is minimal, and the collateral consequences [to a criminal defendant] that may result from an unreformed district court judgment can be easily avoided." *United States v. Rios Benitez*, No. 20-10494, 2021 WL 5579274, at *1 (5th Cir. Nov. 29, 2021).

For the foregoing reasons, we REMAND to the district court for the limited purpose of reforming its judgment to reflect Gomez Gomez's conviction and sentencing under 8 U.S.C. § 1326(b)(1).

---

App'x 135, 135 (5th Cir. 2016); *United States v. Hernandez-Ayala*, 667 F. App'x 440, 441 (5th Cir. 2016); *United States v. Medrano-Camarillo*, 653 F. App'x 239, 240 (5th Cir. 2016); *United States v. Quintanilla-Ventura*, 616 F. App'x 189, 190 (5th Cir. 2015); *United States v. Avila-Cruz*, 606 F. App'x 261, 262–63 (5th Cir. 2015); *United States v. Ramos-Bonilla*, 558 F. App'x 440, 442 (5th Cir. 2014); *United States v. Garcia-Cavazos*, 398 F. App'x 64, 65 (5th Cir. 2010); *United States v. Jimenez-Laines*, 342 F. App'x 978, 979 (5th Cir. 2009). *But see, e.g.*, *Lara-Garcia*, No. 15-40108, 2021 WL 5272211, at *2 ("To conserve judicial resources we instead reform the judgment to reflect that [the defendant] was convicted and sentenced under 8 U.S.C. § 1326(b)(1)."); *United States v. Rodriguez-Aguilera*, 858 F. App'x 789, 790 (5th Cir. 2021); *United States v. Olvera-Martinez*, 858 F. App'x 145, 146 (5th Cir. 2021); *United States v. Perez-Jimenez*, 744 F. App'x 862, 864 (5th Cir. 2018); *United States v. Casabon-Ramirez*, 730 F. App'x 253, 254 (5th Cir. 2018); *United States v. Reyes-Hernandez*, 727 F. App'x 90, 91 (5th Cir. 2018).

[4] Gomez Gomez need not be resentenced since "[t]here is no indication anywhere in the record that the sentence imposed here was influenced in any way by an incorrect understanding of the statutory maximum sentence" owing to his original conviction under § 1326(b)(2). *See United States v. Trujillo*, 4 F.4th 287, 291 (5th Cir. 2021); *see also Nunez-Medrano*, 751 F. App'x at 501. Indeed, Gomez Gomez's original sentence under 8 U.S.C. § 1326(b)(2)—19 months imprisonment—was already well below the ten-year statutory maximum under § 1326(b)(1).