# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2022

Lyle W. Cayce
Clerk

No. 21-40277
consolidated with
21-40275

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Josue David Rodriguez-Flores,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:20-CR-1204-1
USDC No. 4:13-CR-541-1

---

Before Dennis, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:

Josue David Rodriguez-Flores asks this court to remand for correction of the judgment of his most recent criminal conviction for illegal reentry to reflect conviction under 8 U.S.C. § 1326(b)(1) instead of (b)(2); he does not seek resentencing. Rodriguez-Flores asserts that he was erroneously sentenced under § 1326(b)(2) because the district court misclassified his

No. 21-40277
c/w No. 21-40275

previous Texas state conviction for sexual assault as an "aggravated felony." Reviewing for plain error, we agree.

## I.

In 2020, Rodriguez-Flores was arrested and charged with illegal reentry in violation of 8 U.S.C. § 1326(a) and (b). He pleaded guilty, without a plea agreement. He had previously been convicted of illegal reentry in 2014, sentenced to 15 months of imprisonment followed by three years of supervised release, and deported.

Rodriguez-Flores's presentence report (PSR) identified a maximum term of 20 years imprisonment pursuant to § 1326(b)(2) and a guidelines range of 63 to 78 months. The PSR also indicated that he had pleaded guilty and been convicted of sexual assault of an adult in Texas state court in 2015. The PSR treated this Texas sexual assault conviction as an "aggravated felony" within the meaning of § 1326(b)(2), which raised the statutory maximum for his offense to 20 years imprisonment from 10 years, but had no effect on his guidelines range. Rodriguez-Flores raised no substantive objections to the PSR. The district court adopted the PSR and sentenced Rodriguez-Flores to 63 months, with no term of supervised release. Rodriguez-Flores appealed.

## II.

The sole issue on appeal is whether this court should remand for correction of the judgment in Rodriguez-Flores's most recent criminal proceeding to reflect that his offense of conviction was under § 1326(b)(1) instead of (b)(2).[1] He argues that he should have been convicted under

---

[1] At the same sentencing hearing, the district court also revoked Rodriguez-Flores's supervised release, imposed in his 2014 illegal-reentry case, and sentenced him to a concurrent prison term of eight months on the revocation. Rodriguez-Flores filed an

2

No. 21-40277
c/w No. 21-40275

§ 1326(b)(1) instead of § 1326(b)(2) because his 2015 Texas conviction for sexual assault does not categorically qualify as an "aggravated felony." Relevant here, § 1326(b)(1) prescribes a maximum prison sentence of 10 years for non-citizens who have a previous conviction for a non-aggravated felony, while § 1326(b)(2) provides a higher maximum of 20 years for non-citizens previously convicted of an "aggravated felony."

As Rodriguez-Flores concedes, review is for plain error because he failed to raise this issue in the district court—his PSR identified § 1326(b)(2) as the relevant sentencing statute and he failed to object. Plain-error review has four components. If (1) there is an "error," (2) that is "clear or obvious," and (3) that error "affected the appellant's substantial rights," then (4) we have discretion to remedy the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009).

## III.

In asserting that the district court committed plain error, Rodriguez-Flores points to our court's previous holding in *Rodriguez v. Holder* that sexual assault of an adult under Texas Penal Code § 22.011(a)(1) ("Subsection (a)(1)") does not categorically qualify as an aggravated felony. 705 F.3d 207, 213 (5th Cir. 2013). The Government argues, however, that *Rodriguez* did not resolve the question of whether § 22.011(b) ("Subsection (b)") is divisible, and further, that Rodriguez-Flores's prior conviction is an "aggravated felony" under the modified categorical approach applicable to divisible statutes. The Government also maintains that, even if there was an

---

appeal in the revocation matter as well, and the two appeals were consolidated. In his briefing, however, Rodriguez-Flores argues no error as to the revocation proceeding and sentence, and therefore has abandoned any challenge. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (holding arguments not briefed on appeal are abandoned).

error, such error could not have been plain because whether Subsection (b) is divisible or indivisible has not been definitively answered by either this court or the highest Texas state criminal court.

For purposes of § 1326(b)(2), "aggravated felony" is defined, in pertinent part, as a "crime of violence" punishable by at least one year in prison. 8 U.S.C. § 1101(a)(43)(F). An offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a); *see* § 1101(a)(43)(F). To determine whether a prior conviction is an aggravated felony, this court generally applies the "categorical approach." *Rodriguez*, 705 F.3d at 210. "The categorical approach considers only the statutory definition of the offense of conviction, rather than the underlying facts of the actual offense, to determine whether the offense meets the definition of an aggravated felony." *Id.*

However, if a defendant was convicted under a "divisible" statute, meaning a statute that "list[s] elements in the alternative, and thereby define[s] multiple crimes," courts can apply the "modified categorical approach," under which "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016).

In this Circuit, "*Mathis* changed the game with respect to divisibility analysis." *United States v. Urbina-Fuentes*, 900 F.3d 687, 696 (5th Cir. 2018). Per *Mathis*, not every "alternatively phrased law" is "divisible." *Mathis*, 136 S. Ct. at 2249. Rather, *Mathis* requires a court to distinguish between a statute that "lists multiple elements disjunctively," and is therefore divisible, from a statute that "enumerates various factual means of committing a single element," and is therefore not divisible. *Id.*

No. 21-40277
c/w No. 21-40275

"Distinguishing between elements and facts is therefore central" to the analysis. *Id.* at 2248. To distinguish the two, *Mathis* explained that "'[e]lements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" *Id.* (quoting *Elements of Crime*, BLACK'S LAW DICTIONARY (10th ed. 2014)). "Facts, by contrast, are mere real-world things—extraneous to the crime's legal requirements." *Id.* In other words, "elements" must be found by a jury beyond a reasonable doubt or necessarily admitted to by the defendant when pleading guilty; facts need not. *Id.* To distinguish "elements" from "facts," *Mathis* instructs a federal court to look first for a "a state court decision [that] definitively answers the question" and to consider "the statute on its face." *Id.* at 2256.

## IV.

Rodriguez-Flores was convicted in Texas of sexual assault of an adult. Subsection (a)(1) of the statute states that:

(a) A person commits an offense if :

    (1) the person intentionally or knowingly:

        (A) causes the penetration of the anus or sexual organ of another person by any means, without that person's consent;

        (B) causes the penetration of the mouth of another person by the sexual organ of the actor, without that person's consent; or

        (C) causes the sexual organ of another person, without that person's consent, to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor[.]

TEX. PENAL CODE ANN. § 22.011(a)(1) (West 2021). Subsection(a)(1) describes three separate criminal offenses, *Vick v. State*, 991 S.W.2d 830, 833

(Tex. Crim. App. 1999), and *Rodriguez* held that these offenses are not categorically crimes of violence. 705 F.3d at 213-14.

Subsection (b) describes fourteen situations in which "a sexual assault under Subsection (a)(1) is without the consent of the other person." Those situations include, for example, "the actor compels the other person to submit or participate by the use of physical force, violence, or coercion," "the actor is a public servant who coerces the other person to submit or participate," and "the actor is a coach or tutor who causes the other person to submit or participate by using the actor's power or influence to exploit the other person's dependency on the actor." Tex. Penal Code Ann. §§ 22.011(b)(1), (8), and (13); *Rodriguez*, 705 F.3d at 213-14 (comparing (b)(1) with (b)(9) and (b)(10)). Whether Subsection (b) is divisible or indivisible turns on whether the different situations described are distinct "elements," one of which must be proven in addition to the elements listed in Subsection (a)(1), or merely a list of alternative "manner and means" or factual scenarios by which a person can commit a criminal offense under Subsection(a)(1) by acting "without consent." *See Mathis*, 136 S. Ct. at 2248.

Turning to state law for an answer, Rodriguez-Flores points to multiple Texas intermediate appellate courts that have unanimously held that Subsection (b) describes alternative manner and means, not distinct criminal offenses. *Brown v. State*, 580 S.W.3d 755, 763 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd) ("The different conduct listed under the 'without consent' element in Texas Penal Code section 22.011(b)(1)-(11) describes alternative manner and means a defendant may overcome a complainant's lack of consent; the listed conduct does not constitute different and distinct criminal offenses requiring jury unanimity."); *see also Dickson v. State*, Nos. 2-08-050-CR, 2-08-051-CR, 2009 WL 976019, at *9 (Tex. App.—Ft. Worth 2009, pet. ref'd) (per curiam) (not designated for publication) (same); *Fongang v. State*, No. 07-11-00358-CR, 2013 WL

No. 21-40277
c/w No. 21-40275

5460002, at *6 (Tex. App.—Amarillo 2013, pet. ref'd) (not designated for publication) (same); *Moss v. State*, No. 07-12-00067-CR, 2013 WL 4625021, at *3 (Tex. App.—Amarillo 2013, pet ref'd.) (Mem.) (not designated for publication) (same). The Government has cited no contrary state authority.

Consistent with the *Mathis* framework, we adopt the Texas state courts' reading of Subsection (b). Therefore, we hold that the statute is indivisible, and the categorical approach applies to the question of whether Rodriguez-Flores's prior conviction was an "aggravated felony." As we held in *Rodriguez*, a conviction under § 22.011(a)(1) is not categorically an aggravated felony.[2] The district court's implicit application of the modified categorical approach to conclude that Rodriguez-Flores's conviction was an "aggravated felony" based on language in his state court indictment was in error.

Nonetheless, the Government argues that the error was not clear or obvious given the lack of precedent on the question of Subsection (b)'s divisibility from either this court or the highest state criminal court, the Texas Court of Criminal Appeals. The Government attempts to distinguish *Rodriguez* as a case that preceded *Mathis* and asserts that the unanimous opinions of the intermediate state appellate courts cited above are not sufficient to make the error obvious. We disagree. Precedent from this court or the highest state criminal court is not necessarily required to establish plain error. *See United States v. Guillen-Cruz*, 853 F.3d 768, 772 (5th Cir. 2017)

---

[2] *Rodriguez* addressed whether a § 22.011(a)(1) conviction was categorically within the residual-clause definition of "crime of violence," 18 U.S.C. § 16(b), which was subsequently invalidated by the Supreme Court in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018). *Rodriguez's* holding applies *a fortiori* to the more restrictive elements-clause definition of "crime of violence" at issue here. 18 U.S.C. § 16(a).

(holding that error was obvious "[n]otwithstanding the lack of precedent," because it was "plain from the face of the relevant statutes and regulations").

In *Urbina-Fuentes*, we said that it was plain error for the district court to treat a Florida burglary statute as divisible because "a straightforward application of *Mathis* produces the unmistakable conclusion that the Florida burglary statute is indivisible," even though our pre-*Mathis* Fifth Circuit precedent held to the contrary and we had yet to revisit the question post-*Mathis*. *Urbina-Fuentes*, 900 F.3d at 696–98; *see also United States v. Reyes-Ochoa*, 861 F.3d 582, 587–88 (5th Cir. 2017) (holding that indivisibility under *Mathis* can be sufficiently obvious even when pre-*Mathis* Fifth Circuit caselaw held otherwise and court has not yet revisited question). Here too, a "straightforward application of *Mathis*" produces the conclusion that the statute is indivisible, and the case for finding an obvious error here is arguably stronger than in *Urbina-Fuentes* and *Reyes-Ochoa* because our pre-*Mathis* precedent, *Rodriguez*, did not hold to the contrary that the Texas sexual assault statute was divisible.

Nor do we think that *Mathis* requires a ruling from the highest state court in order to satisfy plain error. We have previously held that, when "[t]here is no state highest-court decision" that definitively answers the divisibility question, we may rely on "the statutory framework and state case law as a whole." *United States v. Reyes-Contreras*, 882 F.3d 113, 119 (5th Cir.), *on reh'g en banc*, 910 F.3d 169 (5th Cir. 2018); *accord Mathis*, 136 S. Ct. at 2256 (directing courts to also consider "the statute on its face"). Here, as explained above, "state caselaw as a whole" convincingly answers the divisibility question. Thus, based on a straightforward application of *Mathis*, we think the district court's error sufficiently clear or obvious.

The Government concedes that prong three of plain-error review is met, as there are collateral consequences for a defendant convicted under

§ 1326(b)(2) instead of (b)(1).  *See United States v. Ovalle-Garcia*, 868 F.3d 313, 314 (5th Cir. 2017).  As for the fourth prong, because collateral consequences could follow from the erroneous judgment, we exercise our discretion to correct the error.  *See United States v. Canales-Bonilla*, 735 F. App'x 154, 155–56 (5th Cir. 2018).[3]  In doing so, we note that Rodriguez-Flores does not seek resentencing, but only asks this court to remand for correction of the judgment to reflect that his offense of conviction is under (b)(1) instead of (b)(2).  We have done so in similar cases, and choose to do so here as well.  *See United States v. Gomez Gomez*, 23 F.4th 575, 575 n.3. (5th Cir. 2022) (collecting cases).  Though we have discretion to either reform a judgment or remand for the district court to do so, "[a] district court judgment is the primary document consulted in immigration court and in any future criminal sentencing proceedings."  *United States v. Rios Benitez*, No. 20-10494, 2021 WL 5579274, at *1 (5th Cir. Nov. 29, 2021).  "The cost to judicial economy for the district court to reform the judgment, rather than reforming it ourselves, is minimal, and the collateral consequences that may result from an unreformed district court judgment can be easily avoided."  *Id.*

\*    \*    \*

For the foregoing reasons, we REMAND to the district court with instructions to REFORM the judgment to reflect conviction and sentencing under 8 U.S.C. § 1326(b)(1).

---

[3] We decline the Government's invitation to consider Rodriguez-Flores's criminal history as weighing against correction of the judgment.  We have previously held that "criminal history is not here [i.e. the fourth prong of plain error review] a relevant consideration," nor are prior deportations. *Urbina-Fuentes*, 900 F.3d at 699 (citing *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1910 n.5 (2018)).