# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 9, 2022

Lyle W. Cayce
Clerk

No. 21-10082

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Samuel Rodriguez-Huitron,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CR-41-1

---

Before Willett, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:*

Juan Samuel Rodriguez-Huitron pleaded guilty to illegal reentry after removal in violation of 8 U.S.C. § 1326. On appeal, Rodriguez-Huitron argues he was erroneously convicted and sentenced under § 1326(b)(2)— rather than § 1326(b)(1), which imposes a lower cap on imprisonment— because his aggravated assault conviction was not an "aggravated felony."

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10082

The standard of review is well settled. Rodriguez-Huitron forfeited this issue and must thus "demonstrate (1) an error, (2) that is clear or obvious, and (3) that affects his substantial rights." *United States v. Rojas-Luna*, 522 F.3d 502, 504 (5th Cir. 2008) (addressing plain error); *see also United States v. Gonzalez-Terrazas*, 529 F.3d 293, 298 (5th Cir. 2008) (noting an error may be plain based on decisions that post-date sentencing). Only once these conditions are met may we then "exercise discretion to correct the error, . . . if (4) th[at] error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Rojas-Luna*, 522 F.3d at 504 (internal quotation marks and citation omitted).

This analysis need not detain us long. A conviction for aggravated assault in Texas no longer qualifies as an "aggravated felony" under 8 U.S.C. § 1326(b)(2),[1] *Gomez Gomez*, 23 F.4th at 577, and our plain-error analysis requires only "that an error be 'plain' at the time of appellate consideration," *Henderson v. United States*, 568 U.S. 266, 279 (2013) (quoting *Johnson v. United States*, 520 U.S. 461, 468 (1997)). There is no question the district court obviously erred.

Yet no remand is warranted. By his own admission, Rodriguez-Huitron seeks a limited remand *to determine* whether additional relief (*i.e.*, vacatur) is appropriate. But the tail cannot wag the dog. *See, e.g.*, *United States v. Trujillo*, 4 F.4th 287, 291 (5th Cir. 2021) (declining remand to explore the possibility of prejudice). The standard of review requires that Rodriguez-Huitron justify the requested relief. He fails.

---

[1] Though Rodriguez-Huitron originally conceded our precedent foreclosed this argument, the legal landscape has since changed. *See United States v. Gomez Gomez*, 23 F.4th 575, 577 (5th Cir. 2022), *rev'g* 917 F.3d 332, 333 (5th Cir. 2019), *cert. granted, judgment vacated sub nom. Gomez v. United States*, 141 S. Ct. 2779 (2021). *See generally Borden v. United States*, 141 S. Ct. 1817, 1821–25 (2021).

No. 21-10082

Three points reveal the aggravated-felony classification does not affect Rodriguez-Huitron's substantial rights. First, this flawed heading played no role in calculating Rodriguez-Huitron's Guidelines range.[2] Second, the adjudged sentence was *below* the cap set by § 1326(b)(1)—the correct statutory provision. *See, e.g.*, *Gomez Gomez*, 23 F.4th at 578 n.4 (same situation). Third, Rodriguez-Huitron does not claim that any adverse immigration consequences flow from his status as an aggravated felon under § 1326(b)(2).[3] *Cf., e.g.*, *Trujillo*, 4 F.4th at 291 (highlighting collateral immigration consequences where conviction and sentence under § 1326(b)(2) was the only "aggravated felony").

Even were we to assume prejudice, Rodriguez-Huitron also fails to prove the error seriously affects the fairness, integrity, or public reputation of his proceedings. This is outcome dispositive. *See, e.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009); *see also, e.g.*, *United States v. Ramos-Bonilla*, 558 F. App'x 440, 442 (5th Cir. 2014) (per curiam).

We nonetheless exercise our discretion and REFORM the district court's judgment to reflect a conviction and sentence under § 1326(b)(1), *see, e.g.*, *United States v. Hermoso*, 484 F. App'x 970, 973 (5th Cir. 2012) (per curiam) (applying 28 U.S.C. § 2106), and AFFIRM the modified judgment.

---

[2] Any points attributable to the aggravated assault conviction resulted from the term of imprisonment, not whether that conviction constituted an "aggravated felony." *See generally* U.S.S.G. §§ 2L1.2(b)(2)(B) (eight-point supplement for pre-deportation conduct that resulted in a qualifying sentence), 4A1.1 (three-point supplement for qualifying sentences). Furthermore, even if this were not the case, the district court disclaimed reliance on the Guidelines. *Cf., e.g.*, *Molina-Martinez v. United States*, 578 U.S. 189, 200 (2016) (disclaiming prejudice on facts like this).

[3] Nor could he claim as much. Rodriguez-Huitron was convicted of indecency with a child by sexual contact—another aggravated felony, *United States v. Najera-Najera*, 519 F.3d 509, 511–12 (5th Cir. 2008)—after his deportation. This alone makes him permanently ineligible for admission to the United States. *See* 8 U.S.C. § 1182(a)(9)(A).