# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2023

Lyle W. Cayce
Clerk

No. 20-40760

United States of America,

*Plaintiff—Appellee*,

*versus*

Joseph Church,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:17-CR-25

Before Higginson, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Joseph Church pleaded guilty to one count of conspiracy to commit sex trafficking and three counts of sex trafficking of minors. On appeal, Church contends that the district court abused its discretion by refusing to permit him to withdraw his guilty plea. We affirm as harmless any district court error denying Church's motion to withdraw his plea, but we remand so that the district court can correct errors in the judgment.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 20-40760

## I.

Church and several others were indicted for various sex trafficking offenses. Count one charged Church with conspiracy to commit sex trafficking of persons "knowing[ly] and in reckless disregard for the fact that means of force, fraud, and coercion would be used to cause these persons to engage in commercial sex acts and that the persons, whom defendants had a reasonable opportunity to observe, had not attained the age of 18 years." *See* 18 U.S.C. §§ 1594(c), 1591(a)(1), (a)(2), (b)(1), (b)(2), and (c). Counts two, three, and four charged Church with sex trafficking of minors, and aiding and abetting, "knowing[ly] and in reckless disregard of the fact that (1) means of force, threats of force, fraud, and coercion . . . would be used to cause [the minor] to engage in a commercial sex act, and that (2) [the minor], whom defendants had a reasonable opportunity to observe, had not attained the age of 18 years." *See id.* § 1591(a), (b), and (c).

In February 2019, after deciding to change his plea to guilty, Church appeared with counsel for rearraignment. At the rearraignment, the court instructed the government to explain the charges to which Church was pleading guilty, the potential consequences of those charges, and the facts that the government expected to prove at trial. In doing so, the government stressed that Church was not pleading guilty to the use of force, fraud, or coercion:

> I just want to be very clear on the record, Your Honor, that the provisions in Counts Two, Three and Four that the defendant is pleading to is the subsection that contemplates that the individuals were under the age of 18 and not via force, fraud or coercion, because that has an impact on the sentencing guidelines. And I want to be very clear even as to Count One, that it's a conspiracy to commit sex trafficking of minors, not by force, fraud or coercion.

2

The government attempted to make clear that Church was pleading guilty under § 1591(b)(2) (10-year mandatory minimum for sex trafficking of minors), not under § 1591(b)(1) (15-year mandatory minimum for sex trafficking by means of force, fraud, or coercion).

The district court accepted Church's guilty plea. During the plea colloquy, the court confirmed that Church understood the terms of the plea agreement and the possible consequences of his guilty plea. Church also agreed to the facts that the government would prove against him at trial.

In May 2019, the presentence investigation report (PSR) was disclosed to the parties. In the PSR, the probation officer calculated a base offense level of 34, on the erroneous view that Church intended to plead guilty under § 1591(b)(1). *See* U.S.S.G. § 2G1.3(a)(1) (setting a base offense level of 34 for defendants convicted under § 1591(b)(1)). The probation officer then determined that the total offense level exceeded 43. Under the Sentencing Guidelines, offense levels above 43 are treated as level 43 and thus carry an advisory range of life imprisonment. U.S.S.G. Ch. 5, Pt. A, cmt. n.2.

In October 2019, Church filed objections to the PSR. Among other things, Church argued that the base offense level should have been 30, not 34, because he pleaded guilty under § 1591(b)(2), not § 1591(b)(1). The probation officer declined to revise the base level calculation.

In December 2019, Church appeared for sentencing. Before the district court could rule on Church's objections to the PSR, Church advised the court that he wished to withdraw his guilty plea. The court postponed sentencing so that the parties could prepare briefs on the motion to withdraw.

In his brief, Church argued, among other things, that "he is innocent of any sexual malfeasance toward the minors subject to the allegations" and that he did not use any force, fraud, or coercion. Church also claimed that

his plea was not knowing and voluntary because he believed that he was pleading guilty under § 1591(b)(2), not § 1591(b)(1). In its response brief, the government agreed with Church that the probation officer erred by using § 1591(b)(1) to calculate the base offense level. But the government also noted that a base level of 30 still yields a total offense level of 43 in this case. So the advisory range under the Guidelines would be life imprisonment regardless of which base level is used.

After a hearing, the district court denied Church's motion to withdraw his guilty plea. Several months later, at the sentencing hearing, the court also overruled Church's objection to the PSR's base offense level. The court then accepted the PSR's total offense level of 43. But the court did not impose the advisory life sentence—it departed downward and sentenced Church to 400 months.

The written judgment that followed similarly describes Church's conviction on count one as "[c]onspiracy to commit sex trafficking of minors by force, fraud, or coercion." In other words, the judgment wrongly reflects that Church pleaded guilty under § 1591(b)(1).

## II.

### A.

Church's plea agreement includes an appeal waiver that reserves only the right to assert claims of ineffective assistance of counsel. The government argues that the waiver bars this appeal.

We disagree. Appeal waivers "cannot be enforced to bar a claim that the . . . plea agreement . . . was unknowing or involuntary." *United States v. Carreon-Ibarra*, 673 F.3d 358, 362 n.3 (5th Cir. 2012) (quotations omitted). And that's precisely what Church argues on appeal—that his guilty plea was

unknowing and involuntary because he did not understand the nature of the charges to which he was pleading guilty.

Accordingly, the waiver does not bar this appeal. We therefore turn to the merits.

**B.**

"A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion." *United States v. Lord*, 915 F.3d 1009, 1013 (5th Cir. 2019). The burden is on the defendant to establish a "fair and just reason" for withdrawing the plea. *Id.* at 1014 (quotations omitted). Seven factors guide the analysis: (1) whether the defendant asserted his innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing the motion to withdraw; (4) whether withdrawal would substantially inconvenience the court; (5) whether the defendant had the benefit of close assistance of counsel; (6) whether the guilty plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *Id.* (citing *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984)). The district court should consider the totality of the circumstances, but it need not "make explicit findings as to each" factor. *Id.*

Here, the district court did not abuse its discretion by denying Church's motion to withdraw his guilty plea. Church unequivocally acknowledged as true the facts that the government would prove against him at trial; he was represented by counsel throughout the process; and he did not seek to withdraw his guilty plea until ten months after the rearraignment and seven months after the PSR was prepared. We have found that much shorter delays weigh against the defendant. *See, e.g.*, *United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994) (six-week delay); *United States v. Harrison*, 777 F.3d 227, 237 (5th Cir. 2015) (five-week delay); *Carr*, 740 F.2d at 345 (three-week delay).

No. 20-40760

The record also reflects that Church entered a knowing and voluntary guilty plea under §§ 1591(a), (b)(2), and 1594(c) based on the age of the victims. To be sure, the PSR and the judgment describe that Church pleaded guilty to the use of force, fraud, or coercion, leading the district court to use § 1591(b)(1) to calculate the base offense level. The government concedes that this was an error.

But as the government stresses, Church would have faced a total offense level of 43 even if the PSR used the correct base level. Church does not claim otherwise. Nor does he claim that the error in the PSR tainted his ultimate sentence. After all, the district court departed downward from the Guidelines—which called for a life sentence—by sentencing Church to 400 months. Simply put, Church's sentence does not reflect that he is being held responsible for a crime to which he did not plead guilty.

We thus conclude that any error as to the knowing and voluntary nature of Church's plea as to count one was harmless. *See* Fed. R. Crim. P. 11(h).

We do note, however, that there are errors in the written judgment that require correction. *See* 28 U.S.C. § 2106; *United States v. Gomez Gomez*, 23 F.4th 575, 577–78 (5th Cir. 2022) (remanding under 28 U.S.C. § 2106 to correct a judgment that should have been entered under one subsection rather than another). The written judgment for count one cites § 1591(b)(1) and describes the offense of conviction as "[c]onspiracy to commit sex trafficking of minors *by force, fraud, or coercion*." The district court should correct these two errors on remand. *See United States v. Ballardo-Ramos*, No. 21-40306, 2022 WL 358312, at *1 (5th Cir. Feb. 7, 2022) (remanding for correction under 28 U.S.C. § 2106 because "[t]he judgment lists his conviction as falling under 8 U.S.C. § 1326(b)(2), [but t]he judgment should . . . list 8 U.S.C. § 1326(b)(1) . . . as the offense of conviction").

No. 20-40760

\* \* \*

We affirm the district court's denial of the motion to withdraw the guilty plea. We remand for the district court to correct the errors in the written judgment.