# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-20661
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Miguel Angel Pineda Penate,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-135-1

———————————————————

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Miguel Angel Pineda Penate pleaded guilty, in September 2022, to one count of being unlawfully present in the United States after having been previously deported and convicted of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b). The conviction that qualified Pineda Penate for

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20661

commission of an aggravated felony was aggravated assault under Texas Penal Code § 22.01(a)(1).

In our recent decision in *United States v. Gomez Gomez*, 23 F.4th 575, 576-77 (5th Cir. 2022), we addressed this specific statute in light of the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021). We held that § 22.01(a)(1) does not define an aggravated felony under *Borden* because it includes three indivisible mental states, one of which is recklessness. Therefore, because Pineda Penate's prior conviction for assault under § 22.01(a)(1) does not qualify as an aggravated felony, his sentence should not have been enhanced pursuant to § 1326(b)(2).

This case is REMANDED with instruction for the sentence to be reformed in line with this opinion.